IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN RE: PHYLLIS J. ANDRADE

PHYLLIS J. ANDRADE,

                Appellant,

v.                                                                                        1:16-cv-3455-WSD

EDUCATIONAL CREDIT
MANAGEMENT CORP.,

                Appellee.

## OPINION AND ORDER

This matter is before the Court on Phyllis J. Andrade's ("Debtor") Notice of Appeal [1] from the August 17, 2016, Order of the United States Bankruptcy Court for the Northern District of Georgia, and on Debtor's Application for Leave to Proceed *In Forma Pauperis* [2] ("IFP Application").

On August 18, 2016, the Bankruptcy Court denied Debtor's complaint, as amended, to discharge her government-guaranteed student loans.[1]  On September 15, 2016, Debtor filed her Notice of Appeal and her IFP Application.

---

[1] Although the Bankruptcy Court's Order is dated August 17, 2016, it was entered the next day.

A court must dismiss an action filed *in forma pauperis* if at any time the court determines that the action or appeal is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  An issue is frivolous when it appears that the legal theories are "indisputably meritless."  See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  "Arguable means capable of being convincingly argued."  Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991).  Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed.  See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The final judgments and orders of the bankruptcy court may be appealed to the district court.  28 U.S.C. § 158(a)(1).  When an appeal "has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction."  Bowles v. Russell, 551 U.S. 205, 210 (2007) (internal quotation marks omitted) (quoting United States v. Curry, 47 U.S. 106, 113 (1848)).  The filing of an appeal within the prescribed time is "mandatory and jurisdictional."  Id. at 209 (quoting Griggs v. Provident Consumer

Disc. Co., 459 U.S. 56, 61 (1982) (per curiam)); see Williams v. EMC Mortg. Corp., 216 F.3d 1295, 1298 (11th Cir. 2000) ("If the notice [of appeal] is not timely filed, the appellate court is without jurisdiction to hear the appeal.").  To be timely, a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from."  Fed. R. Bankr. P. 8002(a); see 28 U.S.C. § 158(c)(2).[2]

Here, the fourteen-day period within which to appeal the Bankruptcy Court's August 18, 2016, Order expired after September 1, 2016.  See Fed. R. Bankr. P. 8002(a); Fed. R. Bankr. P. 9006(a) (when a period is stated in days, count every date, including intermediate Saturdays, Sundays and legal holidays); Fed. R. Bankr. P. 9022 ("Lack of notice of the entry [of a judgment or order of a bankruptcy judge] does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 8002."); In re B.J. McAdams, Inc., 999 F.2d 1221, 1225 (8th Cir. 1993) ("[T]he time to file the motions or notice of appeal runs from the entry of judgment, not from service of notice of the judgment."); In re Reynolds, 215 B.R.

---

[2]   The Federal Rules of Bankruptcy Procedure apply to bankruptcy proceedings in district court.  See Rosenberg v. DVI Receivables XIV, LLC, 818 F.3d. 1283, 1287-88 (11th Cir. 2016); Fed. R. Bankr. P. 8001(a) ("These Part VIII rules govern the procedure in a United States district court and a bankruptcy appellate panel on appeal from a judgment, order, or decree of a bankruptcy court.").

89, 91 (Bankr. N.D. Ga. 1997) (it is well-established that Rule 9006(f) does not add three days to the period to file a notice of appeal under Rule 8002(a), despite the fact that notice of the judgment was mailed) (citing In re Schimmels, 85 F.3d 416, 419-20 & n.4 (9th Cir. 1996)).  Because Debtor filed her Notice of Appeal on September 15, 2016, almost a month after entry of the order from which she seeks to appeal, the Court lacks jurisdiction to consider the appeal.  See Bowles, 551 U.S. at 210 ("[W]hen an 'appeal has not been prosecuted in the manner directed, within the time limited by the acts of Congress, it must be dismissed for want of jurisdiction.'"); Williams, 216 F.3d 1295, 1298.  Debtor's untimely appeal from the Bankruptcy Court's August 18, 2016, Order is required to be dismissed.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that this Appeal is **DISMISSED**.

**IT IS FURTHER ORDERED** that Phyllis J. Andrade's Application for Leave to Proceed *In Forma Pauperis* [2] is **GRANTED** for the limited purpose of dismissing this Appeal.

**SO ORDERED** this 11th day of October, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE